UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | Crim. No. 6:16-cr-00048-GFVT-HAI-2 |
| | ) | |
| v. | ) | |
| | ) | **MEMORANDUM** |
| GARY WILLIAMS *et al.*, | ) | **OPINION** |
| | ) | **&** |
| Defendant. | ) | **ORDER** |

*** *** *** ***

This matter is before the Court on Defendant Terry Richardson's Motion for Compassionate Release made pursuant to the First Step Act. [R. 99.] For the reasons that follow, Mr. Richardson's Motion for Compassionate Release is **DENIED**.

**I**

On August 16, 2017, Mr. Richardson was sentenced to 96 months imprisonment, following his guilty plea to one count of conspiracy to distribute 500 grams or more of a mixture or substance containing methamphetamine. [R. 82; R. 83.] Now Mr. Richardson moves for compassionate release, citing the ongoing COVID-19 pandemic, his underlying health conditions, and his family circumstances. [R. 99.] The Government responded in opposition, noting that Mr. Richardson could neither show that his medical conditions nor family circumstances constitute "extraordinary and compelling circumstances," nor that his release would comply with the § 3553(a) factors. [R. 101.]

II

A

As an initial matter, the United States has concluded Mr. Richardson has exhausted his administrative remedies under 18 U.S.C. § 3582(c)(1)(A). [R. 101 at 2.] The United States' response effectively waives any argument on the issue of administrative exhaustion and so the Court will address the substance of Mr. Richardson's motion. *See Hamer v. Neighborhood Hous. Servs.*, 138 S. Ct. 13, 17 (2017) ("If properly invoked, mandatory claim-processing rules must be enforced, but they may be waived or forfeited."); *see also United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020).

B

Because subject matter jurisdiction over this matter has been established, the Court will now conduct a substantive analysis of the merits of Mr. Richardson's Motion for Compassionate Relief. From the outset, it is important to note that given the plain text of § 3582(c)(1)(A), compassionate release "is discretionary, not mandatory." *United States v. Jones*, 2020 WL 6817488, at *5 (6th Cir. Nov. 20, 2020). Section 3582 allows for modification of a term of imprisonment for "extraordinary or compelling reasons." 18 U.S.C. § 3582(c)(1)(A). The statute also requires a court to consider whether such a reduction comports with the 18 U.S.C. § 3553(a) factors and any applicable statements issued by the Sentencing Commission. *Id.* The U.S. Sentencing Guideline § 1B1.13 is now an inapplicable inquiry in cases where a prisoner files a motion for compassionate release. *United States v. Jones*, No. 20-3701, 2020 WL 6817488, at *9 (6th Cir. Nov. 20, 2020). This means that in motions for compassionate release brought by prisoners, once extraordinary and compelling reasons meriting a reduction in

sentence have been found, the court can skip straight to analyzing the applicable § 3553(a) factors.

Here, the United States asserts that neither Mr. Richardson's family circumstances nor his medical conditions rise to the level of "extraordinary and compelling circumstances." [R. 101.] Further, the United States opposes Mr. Richardson's release because Mr. Richardson has not been able to show that his release would comply with the applicable § 3553(a) factors. [*Id.*]

### 1

Mr. Richardson's medical records, alone, sufficiently establish that his medical conditions are serious enough to constitute "extraordinary and compelling circumstances." Mr. Richardson states that he suffers from asthma[1] and Hepatitis C. [R. 99 at 3.] Mr. Richardson's medical records reveal that he has had hepatitis C since 2005 and that his "[c]hronic viral hepatitis C" is listed as "[c]urrent." [R. 103-2 at 3, 14.] The CDC notes that it is currently unknown whether people with Hepatitis C are at an increased risk for getting COVID-19 or having a severe case. *What to Know About Liver Disease and COVID-19*, Centers for Disease Control and Prevention (May 5, 2020), https:// www.cdc.gov /coronavirus/2019-ncov/need-extra-precautions/liver-disease.html.  The CDC does note, however, that people with liver disease "might be at higher risk for severe illness from COVID-19, particularly if the underlying medical conditions are not well controlled." *Id.*

While the CDC has not yet acknowledged the consequential comorbidity of hepatitis C and COVID-19, numerous district courts around the country have done so in reference to

---

[1] the United States correctly notes that there is no evidence in Mr. Richardson's medical records that he has ever suffered from asthma. [R. 17–18.]

emerging medical findings. *See, e.g., United States v. Stephenson*, 461 F.Supp.3d 864, 872 (S.D. Iowa May 21, 2020) (granting compassionate release for a prisoner with Hepatitis C); *see also United States v. Conner*, No. CR07-4095-LTS, 2020 WL 3053368, at *1 (N.D. Iowa June 8, 2020) (granting motion for compassionate release by petitioner with ongoing hepatitis B and C diagnosis); *see also United States v. Marquez*, No. 1:19-cr-00173, 2020 WL 6044319, at *5 (E.D. Cal. Oct. 13, 2020) ("[g]iven defendant Marquez's documented history with Hepatitis C, the court will err on the side of caution in concluding that he is at higher risk for suffering a severe illness if he were to contract COVID-19 because he may be immunocompromised and have liver damage"). Consequently, Mr. Richardson likely suffers from a medical condition that rises to the level of "extraordinary and compelling circumstances."

### C

Even if Mr. Richardson satisfies the extraordinary and compelling standard, release is warranted only if release complies with the applicable factors set forth in 18 U.S.C. § 3553(a).[2] The factors include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;
(2) the need for the sentence imposed--

---

[2] As a point of policy, the Court would like to note that the seriousness of an inmate's underlying medical conditions does not positively correlate with a higher likelihood of contracting the coronavirus. Even where, as here, an inmate's release would not comply with the § 3553(a) factors, courts are not tasked with condemning at-risk prisoners to a certain death. Rather, where a prisoner does not meet the requirements of § 3582(c)(1)(A), courts entrust the prisoners into the capable hands of the dedicated professionals within the BOP. In fact, Mr. Richardson's BOP facility, USP Coleman II, currently has zero COVID-19 cases among inmates. *See Coronavirus*, United States Bureau of Prisons (last visited Dec. 18, 2020), https://www.bop.gov/coronavirus/. Given the current rate of COVID-19 outbreaks in certain prisons and in the United States at-large, the BOP officials within Mr. Richardson's institution seem to have a firm grasp on the disease. *See Coronavirus in the U.S.: Latest Map and Case Count*, THE NEW YORK TIMES (last accessed Dec. 18, 2020), https://www.nytimes.com/interactive/ 2020/us/ coronavirus-us-cases.html. Consequently, even though Mr. Richardson does not qualify for compassionate release, the officials within USP Coleman II have largely shown their ability to protect their inmates during the coronavirus pandemic.

       (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
       (B) to afford adequate deterrence to criminal conduct;
       (C) to protect the public from further crimes of the defendant; and
       (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
(3) the kinds of sentences available;
(4) the kinds of sentence and the sentencing range established for--
       (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--
              (i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
              (ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or
       (B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);
(5) any pertinent policy statement--
       (A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and
       (B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.
(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

Here, the most applicable § 3553(a) factors are (1) the nature and circumstances of the offense and the history and characteristics of the defendant, and (2) the need for the sentence imposed. Mr. Richardson has an extensive criminal history, including multiple crimes of violence. [R. 101 at 22–23.] Further, Mr. Richardson's past interactions with law enforcement officers, including correctional officers within the BOP, reveal an individual with a clear

disrespect for the law.[3] [*Id.* at 23.] Mr. Richardson's conviction involved a conspiracy to distribute methamphetamine, which is a serious offense that "involves . . . a controlled substance." *See* 18 U.S.C. § 3142(g)(1). Further, Mr. Richardson has a lengthy history of cocaine and methamphetamine abuse, physical abuse, and criminal conduct that ranges from assault to robberies. [R. 101 at 22.] With a criminal history score of 14 (Category VI), Mr. Richardson has a 79.8% chance of recidivism. *See The Past Predicts the Future: Criminal History and Recidivism of Federal Offenders*, United States Sentencing Commission (March 2017), https://www.ussc.gov/sites/default/files/pdf/research-and-publications/research publications/2017/20170309_Recidivism-CH.pdf. Given the nature and circumstances of the offense, the history and characteristics of Mr. Richardson, the need for the sentence imposed to reflect the seriousness of the crime committed, and to protect the public, the Court determines that Mr. Richardson's Motion for Compassionate Release should be denied.

### III

Although it is clear that Mr. Richardson suffers from serious medical conditions in light of the COVID-19 pandemic, Mr. Richardson has failed to satisfy the applicable § 3553(a) factors justifying his release. Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Mr. Richardson's Motion for Compassionate Release [**R. 99**] is **DENIED**.

---

[3] Mr. Richardson's disciplinary record within the BOP shows six infractions from 2018–2020. [R. 101-1.] Mr. Richardson's programming record reveals unsatisfactory progress towards a GED. [R. 101-2.] More significantly, however, Mr. Richardson has squandered past opportunities at the state-court level to take advantage of drug-court programs and has resisted arrest and fled from police on multiple occasions. [R. 101 at 23.]

This the 21st day of January, 2021.

Gregory F. Van Tatenhove
United States District Judge